UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA WHITE,

        Plaintiff,

v.

SUNRISE ROCHESTER ASSISTED LIVING, LLC,
and SUNRISE SENIOR LIVING MANAGEMENT,
INC.

        Defendant.

Case No. 11-14073
Honorable Julian Abele Cook, Jr.

## ORDER

This civil action involves a complaint by the Plaintiff, Patricia White, who has accused the Defendants, Sunrise Rochester Assisted Living, L.L.C[1]. and Sunrise Senior Living Management, Inc. of being responsible for the injury that she sustained while visiting an assisted living facility owned by the Defendants.

Currently pending before the Court is Sunrise Senior Living Management's ("Sunrise") motion for the entry of a summary judgment. (ECF 13).

I.

During the early morning hours of January 18, 2011, White entered the Sunrise facility to visit a resident to whom she had rendered professional care as a private health care aide. White had

---

[1] The parties stipulate that Sunrise Rochester Assisted Living, LLC was incorrectly named as a party. The Court terminates this Defendant.

visited Sunrise to care for this resident over an extended period of time (estimated by her to have been approximately nine to sixteen visits prior to January 18th) According to White, she would typically arrive at the Sunrise facility prior to 7am (thought by her to be between 6:35 a.m. and 6:45.a.m.) and remain there until approximately 3:00 p.m.

On January 18th, White asserts that she, while walking from the Sunrise parking lot to the entrance of the facility, slipped and fell. As the result of the fall, she claims to have sustained a closed head injury, as well as a multitude of other injuries to her shoulder, neck, low back, all of which have produced a loss of memory and intermittent confusion.

This injury claim was followed several months later by a motion for summary judgment by Sunrise who contends that there are no genuine issues of a material fact remaining in this case as it relates to matters of liability. Hence, it is the position of this movant that it is entitled to a final resolution of this case in its favor.

II.

The purpose of the summary judgment rule, as reflected by Federal Rule of Civil Procedure 56, "is to isolate and dispose of factually unsupportable claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The entry of a summary judgment is proper only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties." *Aqua Grp., LLC v. Fed. Ins. Co.*, 620 F. Supp. 2d 816, 819 (E.D. Mich. 2009) (citing *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984)). In order for a dispute to be genuine, it must contain evidence upon which a trier of the facts

could find in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Singfield v. Akron Metro. Hous. Auth.*, 389 F.3d 555, 560 (6th Cir. 2004). When assessing a request for the entry of a summary judgment, a court "must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party." *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The entry of a summary judgment is appropriate if the nonmoving party fails to present evidence which is "sufficient to establish the existence of an element essential to its case, and on which it will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Thus, the moving party has the initial obligation of identifying those portions of the record that demonstrate the absence of any genuine issue of a material fact. *Celotex*, 477 U.S. at 323. Thereafter, the nonmoving party must "come forward with some probative evidence to support its claim and make it necessary to resolve the differences at trial." *Boyd v. Ford Motor Co.*, 948 F.2d 283, 285 (6th Cir. 1991); *see also Anderson*, 477 U.S. at 256. The presence or the absence of a genuinely disputed material fact must be established by (1) a specific reference to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or (2) a "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

### III.

In support of its motion for summary judgment, Sunrise points to the weather conditions that existed on January 18, 2011 which, in its opinion, lessens its responsibility to White because

3

ice on parking lots and sidewalks in Michigan during the winter months is considered to be an "open and obvious" condition.

A federal court sitting in a diversity action must apply "the same substantive law that would be applied if the action had been brought in a state court of the jurisdiction in which the federal court is located." *Equitable Life Assur. Soc'y of the U.S. v. Poe*, 143 F.3d 1013, 1016 (6th Cir. 1998) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)). "Generally speaking, a tort claim filed in a Michigan court will be governed by Michigan law unless a rational reason exists to displace it." *Gass v. Marriott Hotel Servs., Inc.*, 558 F.3d 419, 425 (6th Cir. 2009) (internal quotation marks omitted) (citing *Watkins & Son Pet Supplies v. Iams Co.*, 254 F.3d 607, 611 (6th Cir. 2001). Since there is no clear reason to displace this presumption, Michigan law will be applied to the substantive issues of this tort action.

In order to prevail in a premises liability action in Michigan, an aggrieved party must establish that "(1) the defendant owed [it] a duty, (2) the defendant breached [its] duty, (3) the breach caused the [claimed] injury, and (4) [she] suffered damages." *Kennedy v. Great Atl. & Pac. Tea Co.*, 737 N.W.2d 179, 181 (Mich. Ct. App. 2007) (citing *Jones v. Enertel, Inc.*, 656 N.W.2d 870, 873 (Mich. Ct. App. 2002)). The level of duty owed by a premises owner will vary depending on the status of the aggrieved party at the time of claimed injury. *Stitt v. Holland Abundant Life Fellowship*, 614 N.W.2d 88, 91 (Mich. 2000).

Invitees are individuals who enter a premises at the express or implied invitation of the possessor of the property for the purpose of conducting some business therein. *Id.* at 92. Here, for the sole purpose of this litigation, the Court will consider White to be an invitee upon the Sunrise premises. In Michigan, the possessor of a premises has the general obligation to "exercise

4

reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v. Ameritech Corp.*, 629 N.W.2d 384, 386 (Mich. 2001). However, it is important to note that this duty is not deemed to be absolute. *Kennedy* 737 N.W.2d at 182. As an example, a premise owner does not have any duty to protect an invitee from those dangers that are "open and obvious" unless there are special aspects which make the condition "unreasonably dangerous." *Lugo*, 629 N.W.2d at 386-388.On the other hand, this "open and obvious" doctrine should not be viewed as some type of 'exception' to the duty generally owed invitees, but rather as an integral part of the definition of that duty." *Id*. at 386. A condition is generally open and obvious if "an average user with ordinary intelligence would have been able to discover the danger and the risk presented upon casual inspection." *Novotney v. Burger King Corp.*, 499 N.W.2d 379, 381 (Mich. Ct. App. 1993).This is an objective test and therefore, the court "looks not to whether plaintiff should have known that the [condition] was hazardous, but whether a reasonable person in [her position would have foreseen] the danger." *Hughes v. PMG Bldg.*, 574 N.W.2d 691, 696 (Mich. Ct. App. 1997). Under Michigan law, a court can consider the plaintiff's experience as a resident of Michigan when seeking to determine if an icy condition was "open and obvious." *See Kaseta v. Binkowski*, 741 N.W.2d 15, 15 (Mich. 2007).

It is the duty of this Court to determine whether, given an "open and obvious"condition, the risk of harm remains unreasonable despite the obviousness or despite the invitee's awareness of the danger. *Singerman v. Municipal Service Bureau, Inc*., 455 Mich. 135, 142-43 (1997).When reviewing the applicable law in Michigan on this subject, it appears that the Michigan Supreme Court left open two aspects in *Lugo*; namely, (1) whether the "open and obvious" condition is effectively unavoidable (such as an open hazard as the only exit to a commercial building), and (2)

if the "open and obvious" danger poses an unreasonable risk of severe harm (such as "an unguarded 30 foot deep pit in the middle of a parking lot") *Lugo*, at 387. The Court finds that this case does not satisfy either special aspect. White has not argued that the condition was effectively unavoidable or that is posed an unreasonable risk of severe harm. Rather, White takes the position that the weather situation on January 18th did not pose an "open and obvious" condition.

However, some courts in Michigan have opined that wintry conditions may be deemed to be "open and obvious." Thus, these Michigan courts ask whether the special circumstances, including the surrounding conditions, render a snow or ice condition "open and obvious" to such an extent that a reasonably prudent person would have foreseen the danger. *Hoffner v. Lanctoe*, 492 Mich. 450, 464, (2012).

In this case, White acknowledged that she had used caution (i.e., reduction in her travel speed) while driving to the Sunrise facility during the morning of January 18th. White also stated in her deposition that she remembered the surrounding weather conditions during her early morning drive on January 17th (i.e., rain and snow, along with temperatures around freezing). There are reported cases in Michigan courts which have held that black ice, and visible snow and ice are generally regarded as "open and obvious" conditions, in the absence of unusual circumstances or a statutory duty. *See Slaughter v. Blarney Castle Oil Co.*, 760 N.W.2d 287, 292-93 (Mich. Ct. App. 2008); *Lawson v. Norton*, No. 296896, 2011 WL 2162948 at *3 (Mich Ct. App. June 2, 2011); *Benton v. Dart Properties Inc.*, 715 N.W.2d 335 (2006); *Dombrowski v. Chapel*, 2012 Mich. App. LEXIS 794, at *22 (Mich. Ct. App. April 26, 2012).

Viewing the record in the light that is most favorable to White, the Court finds that a reasonable jury would find that the weather conditions which surrounded White's slip and fall were

sufficient indicators of the dangers associated with ice. *See, e.g.*, *Kaseta*, 2007 Mich. App. LEXIS 1739, at *10 ("[g]iven the temperature fluctuations of the day, a reasonable person would note the possibility of ice forming"). Furthermore, White - a long time resident of this State - should have been aware of the potentially hazardous condition that is associated with falling snow and ice on roadways and walkways. *See, e.g.*, *Kenny v. Kaatz Funeral Home, Inc.*, 689 N.W.2d 737, 748 (2004) (Griffin, J., dissenting), *adopted by* 697 N.W.2d 526 (2005) (internal quotations omitted) ("[A]s a lifelong resident of Michigan, [the Plaintiff] should have been aware that ice frequently forms beneath snow during snowy December nights"). The weather conditions at the time of White's fall, coupled with the knowledge that she had implicitly acquired by virtue of her long-term residency in Michigan, would lead an average person of ordinary intelligence to foresee the potential dangers of an icy walkway.

Accordingly, the evidence herein indicates that there is no genuine issue of a material fact as to whether White's claim is barred by the "open and obvious" doctrine. Having recognized that this often quoted doctrine bars any duty by Sunrise, this Court concludes that there is no need to consider the other elements of this premises liability action.

IV.

For the reasons that have been set forth above, Sunrise's motion for the entry of a summary judgment is granted. (ECF 13).

IT IS SO ORDERED.

Date: January 8, 2013                                                                 s/Julian Abele Cook, Jr.

                                                                                     JULIAN ABELE COOK, JR.
                                                                                     U.S. District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on January 8, 2013.

s/ Kay Doaks
Case Manager